IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES DAVIS,

    Plaintiff,

v.                                                      CASE NO. 5:15-cv-5-RS-GRJ

BAY COUNTY JAIL, et al.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Bay County Jail's Motion to Dismiss. Doc. 5. Defendant Bay County Jail argues that there is no legal entity known as "Bay County Jail," and it is an improper Defendant. Plaintiff has not responded to the motion, and the time to do so has passed. The motion to dismiss is due to be granted.

### Allegations of the Complaint

Plaintiff alleges that on September 28, 2011, when he was housed in the Bay County Jail's detention center, he was physically assaulted by four jail employees in retaliation. The assault came about because he refused to get dressed in the jail uniform before his jury trial, and as a result, Defendant Gresko forced the uniform on to him, and dragged him from his cell by his wrists. Plaintiff alleges that Defendant Gresko retaliated against him because of an alleged incident that occurred during a previous confinement at Bay County Jail. He states that the assault caused damage to his pre-existing injury, and occurred while he was handcuffed behind his back. Plaintiff

alleges that because he was forced into the uniform, he suffered from pain and called for medical attention but was ignored.

Plaintiff alleges that this was cruel and unusual punishment, and that Defendants ignored his serious medical needs after the assault, violating his Eighth Amendment rights. He seeks compensatory damages in the amount of $10,000,000 and punitive damages in the amount of $50,000,000.

## Discussion

As an initial matter, it is not clear whether Plaintiff intended to sue Bay County Jail at all. Bay County Jail is listed in the style of the case on first page of his complaint, but is not listed as a Defendant with the other named defendants on the second page of his complaint. Doc. 4 at 1-2.

In any event, assuming Plaintiff intended to sue the Bay County Jail, he cannot do so because the Jail is not a legal entity that is subject to suit. Bay County Jail is a facility that houses detainees in Bay County, and is not a proper party to name. *Florida City Police Department v. Cocoran*, 661 So.2d 409 (Fla. 3rd DCA 1995) (holding that a city police department did not have the capacity to sue or be sued); *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992) (holding that sheriff's department was not a legal entity subject to suit). As such, because Bay County Jail is not a proper legal entity subject to suit the motion to dismiss is due to be granted and Bay County Jail should be dismissed as a party.[1]

---

[1] To the extent that Plaintiff intended to sue the juridical entity responsible for operating the Bay County Jail, Plaintiff is advised that under § 1983 he cannot sue that entity under a theory of *respondent superior*. Simply because a juridical entity operates the jail does not make the entity liable for the unconstitutional actions of the employees at the jail.

Accordingly, in light of the above, it is respectfully **RECOMMENDED**:

Defendant Bay County Jail's Motion to Dismiss, Doc. 5, should be **GRANTED**, and Bay County Jail should be dismissed as a defendant.

**IN CHAMBERS,** at Gainesville, Florida, this 27th day of February 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.